*CHARLES M. BUTT, EXR., ETC. v. MELANCTHON WORTHINGTON.

DECEASED PARTY—COMPETENCY OF OTHER WITNESSES.

Where one of the four makers of a note, claiming to be a surety, having paid the balance due after the death of two of such makers, both of whom he alleges were principals as to him, brings an action against the administrator of one of the alleged principals, and issue is joined as to who were principals and who were sureties, the other remaining maker, not being a party to the action, is not incompetent under Sec. 5242, Rev. Stat., to testify as to the relation existing between the deceased and the plaintiff.

ERROR to the court of common pleas of Madison county.

SUMMERS, J.

The only question presented in this case is as to the competency of Delilah Worthington as a witness. Plaintiff in error claims that she was incompetent under the amendment to Sec. 5242, Rev. Stat., which provides that if the case is not within the letter, but is plainly within the reason and spirit of the three preceding sections, the principles shall be applied. We have examined all the cases but think it necessary to notice only two.

In Hubbell v. Hubbell, 22 Ohio St., 208, 221, the court says, "That both the parties disqualified and the adverse party referred to must be parties to the record."

In Cochran v. Almack, 39 Ohio St., 314, 316, the court say: The clause of Sec. 5242, Rev. Stat., under consideration, "calls for the application of the principles of the three preceding sections, *only when the case is not provided for by either of these sections*" and "that if a case is provided for, by the terms of either of the sections, no occasion can arise for invoking the spirit and reason of the statute to supply the omission of its letter or terms."

Delilah Worthington is not a party to the record, and being made competent by the terms of the preceding sections, the latter clause of Sec. 5242, Rev. Stat., has no application.

Finding no error on the record, the judgment will be affirmed.

---

* The judgment of the circuit court in this case was affirmed by the Supreme Court, unreported, in 57 Ohio St., 636.